IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANGELA D. BELL-JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:15-cv-484-WKW-WC |
| | ) | |
| CAREER PERSONNEL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND RECOMMENDATION
## OF THE MAGISTRATE JUDGE

On July 8, 2015, Plaintiff filed this suit alleging unlawful employment discrimination on the basis of her race and disability. *See* Compl. (Doc. 1) at 1-2. On July 13, 2015, the District Judge entered an Order (Doc. 4) referring the case to the undersigned Magistrate Judge for "further proceedings and determination or recommendation as may be appropriate." Because Plaintiff has requested leave to proceed *in forma pauperis*, the complaint is before the undersigned for screening pursuant to 28 U.S.C. § 1915(e). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)-(iii). Based upon a careful review of the complaint, the undersigned

concludes that Plaintiff has failed to state a claim for discrimination upon which relief could be granted and that, consequently, the complaint is due to be dismissed pursuant to § 1915(e)(2)(B)(ii).

A review of the sufficiency of Plaintiff's complaint for purposes of § 1915(e)(2)(B)(ii) begins with analysis of whether the complaint complies with the pleading standard applicable to all civil complaints in federal courts. *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citations omitted) ("A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible' on its face."). Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). Thus, in order to satisfy Rule 8(a), Plaintiff's complaint "'must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'" *Urquilla-Diaz v. Kaplan Univ.*,

780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).  "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful.  Factual allegations that are 'merely consistent with' a defendant's liability,' however, are not facially plausible." *Id*. (quoting *Iqbal*, 556 U.S. at 678).

As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).  However, although district courts must apply a "less stringent standard" to the pleadings submitted by a pro se plaintiff, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).  Accordingly, Plaintiff's complaint, even if liberally construed, must minimally satisfy the dictates of Rule 8(a) of the Federal Rules of Civil Procedure in order to survive review under § 1915(e).  As set out below, the undersigned concludes that Plaintiff's complaint fails to withstand such scrutiny.

The undersigned begins with analysis of Plaintiff's claim that she was discriminated against on the basis of her race in violation of Title VII of the Civil Rights Act of 1964.  "To state a race-discrimination claim under Title VII, a complaint need only 'provide enough factual matter (taken as true) to suggest intentional race discrimination.'" *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1246 (11th Cir.

2015) (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008)).  Plaintiff is African-American.[1]  Defendant is described by Plaintiff as a "Temporary agency."  *See* Compl. (Doc. 1) at 1.[2]  Plaintiff's complaint appears to allege that Defendant discriminated against her on the basis of her race because she was not allowed to complete an application on three different occasions and was instead told that Defendant would only accept her résumé.  *Id.* at 1, 4.  She further alleges, "[e]ach time [she] went into their office they had white men sitting in there and they were filling out applications."  *Id.*

Plaintiff does not allege that Defendant itself failed to hire her for any specific position, or even that Defendant, as a temporary employment agency, was responsible for final hiring decisions.  Because Plaintiff therefore has not stated a claim against Defendant for failure to hire or employ her due to her race, Plaintiff's action may proceed under Title VII only if she has stated a plausible claim that Defendant failed or refused to refer her for employment, or otherwise discriminated against her, on the basis of her race.  *See* 42 U.S.C. § 2000e-2(a)(2)(b) ("It shall be an unlawful employment practice for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin, or to

---

[1] Plaintiff's complaint does not clearly allege her race. However, in a separate suit by Plaintiff alleging similar discrimination by a different defendant, Plaintiff submitted a copy of her February 5, 2015, EEOC Charge of Discrimination appended to her complaint. In that document, Plaintiff states that she is "a Black female with a disability."  *See* EEOC Charge (Doc. 1-1), Civ. No. 2:15-cv-485-MHT-WC (filed July 8, 2015).

[2] The undersigned assumes for purposes of this Recommendation that Defendant is an "employment agency" as that term is defined in relevant law.  *See* 42 U.S.C. § 2000e(c) ("The term 'employment agency' means any person regularly undertaking with or without compensation to procure employees for an employer or to procure employees opportunities to work for an employer and includes an agent of such a person.").

classify or refer for employment any individual on the basis of his race, color religion, sex, or national origin.").

Plaintiff's complaint fails to state any plausible claim that Defendant refused to refer her for employment or otherwise discriminated against her on the basis of her race. Plaintiff only alleges that she was told on three occasions that Defendant would only accept her résumé in lieu of a completed application, but that she observed "white men" completing applications. Plaintiff does not allege that she was denied employment because she had not submitted a written application. Plaintiff does not allege that Defendant refused to refer her for possible employment positions because she had not submitted a written application. Indeed, Plaintiff does not even allege that there is any tangible benefit to having an application, rather than a résumé, such that denying her the opportunity to submit an application had any effect on her ability to obtain employment. Without factual allegations more specific than Plaintiff's vague complaint that she was thrice denied the opportunity to submit an application, and was instead made to rely upon her submitted résumé, Defendant is unable to intelligibly respond to Plaintiff's allegations that she was discriminated against, and this court is unable to conclude that Plaintiff has stated a plausible claim upon which relief could be granted.

Apart from the lack of sufficiently specific, plausible allegations that Defendant deployed some unlawful employment practice against Plaintiff, Plaintiff's complaint makes clear that, in fact, Defendant did refer her résumé to at least one potential employer and even appears to have secured some offer of employment for Plaintiff. *See* Compl. (Doc. 1) at 2 ("She didn't know that I was disabled until she called me almost 1

month later for an accounting job."). Given this factual allegation, which appears to establish that Defendant actively referred Plaintiff for employment and succeeded in locating possible employment for her, Plaintiff's bare allegation—if indeed one should be construed from the complaint—that Defendant racially discriminated against Plaintiff by limiting her to a résumé instead of a completed application is, without further factual adornment, simply implausible. Accordingly, Plaintiff has failed to state any race-based employment discrimination claim for which relief could be granted, Plaintiff's Title VII claims are due to be dismissed under § 1915(e)(2)(B)(ii).

Plaintiff also alleges that she was discriminated against on the basis of her disability. In general, the Americans with Disabilities Act ("ADA") "prohibits employers from discriminating against disabled employees." *Surtain*, 789 F.3d at 1246 (citing 42 U.S.C. § 12112(a)). As the Eleventh Circuit has explained,

> [t]o state a discrimination claim under the ADA, a plaintiff must allege sufficient facts to plausibly suggest "(1) that he suffers from a disability, (2) that he is a qualified individual, and (3) that a 'covered entity' discriminated against him on account of his disability." *Cramer v. Fla.*, 117 F.3d 1258, 1264 (11th Cir. 1997)). The ADA defines "disability" to include: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2); *see also* 29 C.F.R. § 1630.2(g). For purposes of the ADA, a qualified individual is one "who, with or without reasonable accommodation, can perform the essential functions" of her employment. 42 U.S.C. § 12111(8).

*Id.* An employment agency is a "covered entity" for purposes of the ADA. *See* 42 U.S.C. § 12111(2).[3]

Plaintiff's complaint does not clearly allege the nature of her disability. Plaintiff refers in passing to her need for regular dialysis. Compl. (Doc. 1) at 2. Based upon this allegation, and borrowing from Plaintiff's description of her disability in her separate suit against a different Defendant, the undersigned notes that Plaintiff has described her disability as "End Stage Renal Failure disease," for which she regularly receives dialysis. *See* Am. Compl. (Doc. 6) at 2, 2:15-cv-156-MHT-WC. As to the instant Defendant, Plaintiff's allegation of disability discrimination is as follows:

> Paige [Plaintiff's recruiter and an employee of Defendant] would not ask an employer if I could get off work about 30 min or maybe even an hour earlier for dialysis. I ask her about 3 different occasions and she kept saying no, sha [sic] never asked them. This part I believe is my disability discrimination part. She didn't know that I was disabled until she called me almost 1 month later for an accounting job. Now she is making pretend that she doesn't remember even talking to me or who I am at all.

Compl. (Doc. 1) at 2.

This allegation is insufficient to state a claim upon which relief could be granted for unlawful employment discrimination on the basis of disability. The undersigned does not comprehend how this employee's actions, even if true, could constitute actual disability discrimination against Plaintiff. If the employee did not, as Plaintiff alleges, know about Plaintiff's disability and failed to relay information about that disability or Plaintiff's need for a related accommodation to a potential employer, then Plaintiff could

---

[3] The ADA utilizes the definition of "employment agency" that is applied in Title VII cases and which was set out earlier in this Recommendation. *See* 42 U.S.C. § 12111(7).

not have suffered adverse employment-related discrimination on the basis of a disability or need for an accommodation which was unknown to the potential employer.  Plaintiff certainly does not allege that she was denied a reasonable accommodation, be it permission to leave work early for dialysis or some other accommodation, because any such request for accommodation was not conveyed to the prospective employer.  As such, Plaintiff has not plausibly alleged that she was discriminated against on the basis of her alleged disability.  Accordingly, Plaintiff has failed to state a claim for employment discrimination in violation of the ADA.

For all of the reasons stated above, the undersigned concludes that Plaintiff has failed to state a claim upon which relief could be granted for race or disability-based employment discrimination.  Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because Plaintiff has failed to state any claim on which relief may be granted.[4]  Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is GRANTED.  Further, it is

---

[4] The undersigned is recommending dismissal of Plaintiff's complaint without first asking Plaintiff to amend her complaint.  The undersigned believes requesting such amendment would be futile because the core of Plaintiff's complaint—that Plaintiff was discriminated against because she was made to rely on a résumé rather than a written application and because a potential employer was *not* made aware of her disability and potential need for accommodation—are factual allegations which are incapable of being crafted into viable employment discrimination claims.  Accordingly, leave to amend Plaintiff's complaint need not be afforded in this instance.  *See, e.g., Cornelius v. Bank of America, NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile.").

Furthermore, the opportunity to amend ordinarily contemplated by governing case law, *see Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), is not inconsistent with the undersigned's recommendation of dismissal.  Plaintiff will be permitted to file objections to the findings set forth in this Recommendation,

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation **on or before January 19, 2016**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 4th day of January, 2016.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

---

and thus she is afforded the requisite opportunity to be heard about the deficiencies of her complaint prior to any dismissal of the complaint.